An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH EDWARD BONNIE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60736

FILED

FEB 13 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of malicious injury to a vehicle and battery by a prisoner. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant Joseph Bonnie argues that the district court erred by denying his motion to sever his trial from that of his codefendant because the evidence against his codefendant was so overwhelming that joinder deprived him of a fair trial and that he was prevented from confronting his codefendant's confession. Bonnie failed to provide this court with the transcript of arguments related to his motion to sever or the district court's denial of said motion. Bonnie also failed to provide complete trial transcripts which are necessary to consider his claims. "It is appellant's responsibility to make an adequate appellate record." Johnson v. State, 113 Nev. 772, 776, 942 P.2d 167, 170 (1997). Because the record provided does not properly establish any lower court error which has been preserved for appellate review, we conclude that Bonnie failed to demonstrate that he is entitled to relief. See id. Accordingly, we

SUPREME COURT
OF
NEVADA

(O) 1947A

13·04678

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                           Cherry

cc:    Hon. Ronald J. Israel, District Judge
       Phung H. Jefferson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]Bonnie's fast track statement does not comply with NRAP 3C(h)(1) and 32(a)(4) because it does not have 1-inch margins on all four sides. We caution counsel that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. NRAP 3C(n); NRAP 32(e).